UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

DEYANIRA GARAY AGUIRRE,

Petitioner,

v.

MARKWAYNE MULLIN, et al.,

Respondents.

No. 1:26-CV-387-H

**ORDER**

Deyanira Garay Aguirre entered the United States illegally 17 years ago. In June 2026, ICE detained Garay Aguirre and issued her a Notice to Appear, charging her with removability as an alien "present in the United States without being admitted or paroled, or who arrived in the United States at any time or place other than as designated by the Attorney General" and an immigrant without valid entry documents. Dkt. No. 1-1 at 8; *see* 8 U.S.C. §§ 1182(a)(6)(A)(i), (a)(7)(A)(i)(I). She is held in mandatory detention pursuant to 8 U.S.C. § 1225(b)(2)(A). *See* Dkt. No. 1 ¶ 12. Before the Court is Garay Aguirre's habeas petition, which demands her immediate release or a bond hearing based on the text of the INA, the Fifth Amendment, and the APA. Dkt. No. 1.

A district court entertaining an application for a writ of habeas corpus "shall forthwith award the writ" or issue a show cause order "unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. It is in the Court's discretion to deny the writ without issuing an order to show cause. *Wottlin v. Fleming*, 136 F.3d 1032, 1034 (5th Cir. 1998). The Court has carefully considered the factual allegations and legal contentions raised in the petition. The Court has also

considered hundreds of habeas petitions that sought relief on the same grounds raised in Garay Aguirre petition, and it has determined that:

- Binding Fifth Circuit precedent holds that "alien[s] present in the United States who [have] not been admitted or who arrive[] in the United States" are subject to mandatory detention under Section 1225(b)(2)(A). *Diaz Patino v. Villegas*, 822 F. Supp. 3d 718, 723 (N.D. Tex. 2026) (discussing *Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026)); *see also Garibay-Robledo v. Noem*, 814 F. Supp. 3d 747 (N.D. Tex. 2026) (adopting this position prior to *Buenrostro-Mendez*).

- A binding precedential stay issued by the Fifth Circuit forecloses the grant of habeas relief as a matter of substantive and procedural due process. *Sosnava Rodriguez v. Ortega*, Nos. 26-50183, 26-50219, & 26-50221, 2026 WL 2104747 (5th Cir. July 21, 2026).[1] Even were the stay not in effect, the Due Process Clause does not require relief in these circumstances. *Diaz Patino*, 822 F. Supp. 3d at 723–26; *Garibay-Robledo*, 814 F. Supp. 3d at 759–60.

- APA claims that sound in habeas, including APA claims seeking relief from mandatory detention under Section 1225(b)(2)(A), are not cognizable in habeas. *Garibay-Robledo*, 814 F. Supp. 3d at 760.

Garay Aguirre's arguments in the petition are the same as the arguments raised in the cases above. The Court previously found these arguments unavailing. The Court has considered them anew in this petition and concludes that habeas relief is unwarranted. Because it appears from the face of the petition that Petitioner is not entitled to relief, the Court denies the petition (Dkt. No. 1).

The Clerk of Court is directed to serve this Order electronically on the United States Attorney's Office for the Northern District of Texas pursuant to the current Service of Process Agreement for federal habeas petitions under 28 U.S.C. § 2241.

---

[1] The Fifth Circuit had previously vacated the original panel opinion in *Sosnava Rodriguez*, which held that the Due Process Clause required a bond hearing within 90 days of detention. *See* Nos. 26-50183, 26-50219, & 26-50221, 2026 WL 2014647 (5th Cir. July 10, 2026). The motion for stay specifically sought relief as a precedential matter to foreclose relief beyond the consolidated cases pending in *Sosnava Rodriguez.* Nos. 26-50183, 26-50219, & 26-50221, Dkt. No. 178-1.

So ordered on August 26, 2026.

JAMES WESLEY HENDRIX
UNITED STATES DISTRICT JUDGE